UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:09-CR-53-GFVT-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| JAMES EDWARD FREDRICK, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral from the District Judge, D.E. 35, considers a reported violation of supervised release condition by Defendant James Edward Fredrick.  This District entered a judgment against Defendant in June 2010[1] for failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a).  D.E. 28.  Defendant's original punishment terms were thirty-seven (37) months of imprisonment followed by a lifetime term of supervised release.  *Id.* at 2-3.  Defendant began his supervised release term on March 28, 2012.

A little over seven months later, on November 7, 2012, the District Judge signed a Request for Modifying the Conditions or Term of Supervision With Consent of the Offender requiring Defendant to serve eight (8) consecutive weekends in jail.  D.E. 29.  Officer Scott Greiwe of the United States Probation Office (USPO) requested this modification due to two instances (on October 16 and October 22, 2012) of Defendant's "unauthorized contact with minors and his failure to follow the instructions of the probation office (by being present with his girlfriend's children)[.]"  *Id.* at 2.

---

[1]      Defendant was sentenced on May 26, 2010, *see* D.E. 25, and the Judgment notes an imposition date of May 27, 2010.  D.E. 28.  The District Judge signed the Judgment on June 3, 2010, and the Judgment was entered into the record on June 4, 2010.  *Id.*

On January 28, 2013, the USPO issued a Supervised Release Violation Report, and secured a warrant from the District Judge.  The Report charges Defendant with violating a Special Condition of Supervision that provides, "The defendant shall not consume any alcoholic beverages."  D.E. 28 at 4.  Specifically, the Report states that, on January 12, 2013, Defendant "reported to the Laurel County Detention Center to serve his last weekend of the eight consecutive weekends in jail," per the November 7, 2012 modification, was booked at 8:00 a.m., vomited and used the bathroom on himself at 11:00 a.m., submitted to a preliminary breath test shortly thereafter, revealing a 0.089 blood/alcohol concentration, and "admitted to consuming alcoholic beverages prior to entering the facility that morning."

The Court conducted an initial appearance pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure on February 14, 2013, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing.  *See* D.E. 37.  During the initial appearance, the United States made an oral motion for interim detention, and Defendant argued for release.  *See id.*  Ultimately, for reasons stated on the record, the Court found that Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a).  *See id.*

At the final hearing on February 19, 2013, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583.  *See* D.E. 38.  Defendant competently entered a knowing, voluntary, and intelligent stipulation to the single charged violation.  Further, for purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violation as described in the Report.  The United States thus established Violation #1 under the standard of section 3583(e).

The parties presented an agreement as to the sentence, which is not binding on the Court. The parties agreed to revocation, and recommended that the Court impose a term of imprisonment of four (4) months followed by re-imposition of a lifetime term of supervision. The four-month term of imprisonment falls below the range recommended by Chapter Seven of the United States Sentencing Guidelines. Calling it an "odd violation," the United States argued for a downward departure because Defendant did not attempt to evade serving his weekend jail term even though he would not be able to hide his drunkenness and because Defendant immediately and continuously requested alcohol treatment. Defendant's counsel concurred with the United States' argument in favor of the downward departure and called to the Court's attention the fact that Defendant has not failed a drug test while on release despite a history of using a series of dangerously addictive drugs. Both counsel emphasized a belief that Defendant's desire to seek help for his alcohol abuse is genuine.

The Court has evaluated the entire record, including the recent Supervised Release Violation Report and accompanying documents, the sentencing materials from the underlying Judgment in this District, and the documentation concerning Defendant's previous violation. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis. Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction for failing to register as a sex offender constitutes a Class C felony. *See* 18 U.S.C. § 2250(a); 18 U.S.C. § 3559. For a Class C felony, the maximum revocation sentence provided under section 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation

premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven.  *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438-39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).  Under section 7B1.1, Defendant's admitted conduct would qualify as a Grade C violation.  Given Defendant's criminal history category of VI (the category at the time of the conviction in this District) and a Grade C violation, Defendant's range, under the Revocation Table of Chapter 7, is 8-14 months.

The Court has carefully weighed the nature and circumstances of the offense and Defendant's particular history and characteristics.  Defendant's Presentence Investigation Report reflects a life-long struggle with criminal behavior, to include violent behavior and serious drug use.  The Court is particularly troubled by Defendant's criminal history category VI despite his relatively young age.  However, the Court notes that the instant offense – Defendant's admitted use of alcohol in violation of the Special Conditions of Supervision – while not insignificant, does not reflect a strong need to deter future criminal conduct like that reflected in his criminal history.  The Court commends Defendant for surrendering to complete his required jail time on January 12, 2013, and is encouraged by Defendant's sincere desire to complete alcohol treatment.  The Court considers that desire to be a significant driver of its decision to accept the parties joint request for the Court to depart downward from the Guidelines in its recommended sentence.  Notably, because the minimum Guidelines term of imprisonment is more than six months but less than ten months, section 7B1.3(c)(2) provides options to imprisonment.  Here,

4

imprisonment is warranted but for the reasons stated by the parties and the Court on the record, imprisonment below the range described by the applicable Guidelines and Policy Statements adequately reflects the seriousness of the violation and the gravity of the breach of the Court's trust. *See United States v. Johnson*, 640 F.3d 195, 206-07 (6th Cir. 2011); 18 U.S.C. § 3553(c)(2). Therefore, the Court **RECOMMENDS** that the District Judge revoke Defendant's term of supervised release and sentence him to a four-month term of imprisonment.

The Court reminds Defendant that the Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). To reiterate the Court's admonition to Defendant during the February 19 hearing, the Court urges Defendant to use his four-month term of imprisonment to reflect on the importance of completing treatment for his alcohol addiction and following through with his promise to regain the Court's trust. Defendant has been on supervised release for less than one year and has violated the conditions of release twice, receiving a break from the USPO, the United States, and the Court on both occasions. Any future violations of the Court's trust will not be met with such leniency.

A court also may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See*

5

18 U.S.C. § 3583(h).    The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b).  Here, the re-imposition maximum would be a lifetime term (the original authorized term). *See id.* § 3583(k).

Both parties urged the Court to re-impose a lifetime term of supervised release following Defendant's completion of the four-month term of imprisonment.  Additionally, both parties emphasized a need for Defendant to receive treatment for alcohol abuse pursuant to Special Conditions of Supervision No. 1 (D.E. 28 at 5).  Defendant, per his own admission, is in serious need of alcohol treatment, and he assures the Court that he is committed to getting help for his addiction.  Per the undersigned's consultation with District Judge Van Tatenhove, the District Judge has decided to consider the re-imposition of supervised release in connection with his review of this Recommended Disposition.

## RECOMMENDATION

To conclude, the Court **RECOMMENDS**, based on the violation found:

1.    Revocation and incarceration for a term of **four (4) months**, with Defendant to receive access to suitable alcohol treatment, if reasonably available and if sought by Defendant, during custody.

2.    District Judge Van Tatenhove consider the re-imposition of supervised release in connection with his review of the Recommended Disposition.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 4th day of March, 2013.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge

7