UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:09-CR-53-GFVT-HAI |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| JAMES EDWARD FREDRICK, ) | |
| ) | |
| Defendant. ) | |

*** *** *** ***

The Court, on referral from the District Judge, D.E. 54, considers reported violations of supervised release conditions by Defendant James Edward Fredrick. This District entered a judgment against Defendant in June 2010[1] for failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). D.E. 28. Defendant's original punishment terms were thirty-seven (37) months of imprisonment followed by a lifetime term of supervised release. *Id.* at 2-3. Defendant began his supervised release term on March 28, 2012.

A little over seven months later, on November 7, 2012, the District Judge signed a Request for Modifying the Conditions or Term of Supervision With Consent of the Offender requiring Defendant to serve eight (8) consecutive weekends in jail. D.E. 29. Officer Scott Greiwe of the United States Probation Office (USPO) requested this modification due to two instances (on October 16 and October 22, 2012) of Defendant's "unauthorized contact with minors and his failure to follow the instructions of the probation office (by being present with his girlfriend's children)[.]" *Id.* at 2.

---

[1] Defendant was sentenced on May 26, 2010, *see* D.E. 25, and the Judgment notes an imposition date of May 27, 2010. D.E. 28. The District Judge signed the Judgment on June 3, 2010, and the Judgment was entered into the record on June 4, 2010. *Id.*

On January 28, 2013, the USPO issued a Supervised Release Violation Report, and secured a warrant from the District Judge. The Supervised Release Violation Report charged Defendant with violating a Special Condition of Supervision that provides, "The defendant shall not consume any alcoholic beverages." D.E. 28 at 4. The Court conducted an initial appearance pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure on February 14, 2013, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. *See* D.E. 37.

At the final hearing on February 19, 2013, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. *See* D.E. 38. Defendant competently entered a knowing, voluntary, and intelligent stipulation to the single charged violation. The parties presented an agreement as to the sentence: revocation and a term of imprisonment of four (4) months followed by re-imposition of a lifetime term of supervision. The Court recommended this sentence to District Judge Van Tatenhove in its Recommended Disposition, D.E. 39, which Judge Van Tatenhove ultimately adopted, D.E. 42. Judge Van Tatenhove also modified seven conditions of Defendant's supervised release. D.E. 42 at 9–10. Defendant's new term of supervised release began on June 13, 2013.

On July 10, 2013, the USPO issued a Supervised Release Violation Report, and on July 23, 2013, District Judge Van Tatenhove issued a warrant for Defendant's arrest. D.E. 45. The Report charged Defendant with having violated two conditions of his supervised release. It alleged first that Defendant violated Standard Condition Number 7, which states that "the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled

2

substances, except as prescribed by a physician." It also charged that Defendant violated a condition of his supervised release stating that "the defendant shall not commit another federal, state, or local crime."

Specifically, the Report alleges that on July 3, 2013, USPO Officers Roger Varney and Scott Greiwe contacted Defendant at his residence and Officer Varney smelled burnt marijuana. Defendant submitted a urine specimen which appeared to test positively for the presence of marijuana via an instant testing device. Defendant was asked several times if he had used marijuana, and he allegedly denied he had used any. Alere Laboratory reported a positive result for marijuana metabolites from Defendant's urine sample on July 7, 2013. The Report reasons that, as marijuana is a Schedule I Controlled Substance and Defendant has a prior drug conviction, pursuant to Sixth Circuit case law holding that the use of a controlled substance is the equivalent of possessing the controlled substance, possession of marijuana constitutes a violation of 21 U.S.C. § 844(a), a Class E Felony.

On August 7, 2013, following Defendant's arrest out of District, Judge H. Bruce Guyton sitting in the Eastern District of Tennessee conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 40. D.E. 46 at 6. At that hearing, Defendant waived his right to any Rule 5 or 5.1 hearings, *id.* at 3, and Defendant was committed back to the Eastern District of Kentucky. *Id.* at 6. On August 14, 2013, the Court conducted an initial appearance pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. *See* D.E. 48.

At the final hearing on August 28, 2013, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. *See* D.E. 53. Defendant competently entered a knowing,

3

voluntary, and intelligent stipulation to the charged violations. Further, for the purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report. The United States thus established both violations under the standard of section 3583(e). The parties presented an agreement as to the sentence, which is not binding on the Court. The parties agreed to revocation, and recommended that the Court impose a term of imprisonment of eighteen months followed by re-imposition of a lifetime term of supervision under the conditions imposed by Judge Van Tatenhove in his May 13, 2013 Order (D.E. 42).

The Court has evaluated the entire record, including the most recent Supervised Release Violation Report and accompanying documents, the sentencing materials from the underlying Judgment in this District, and the documentation concerning Defendant's previous violations. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis. Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction for failing to register as a sex offender constitutes a Class C felony. *See* 18 U.S.C. § 2250(a); 18 U.S.C. § 3559. For a Class C felony, the maximum revocation sentence provided under section 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.")

(citation omitted). Under section 7B1.1, Defendant's admitted conduct would qualify as a Grade B violation. Given Defendant's criminal history category of VI (the category at the time of the conviction in this District) and a Grade B violation, *see* U.S. Sentencing Guidelines Manual § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."), Defendant's range, under the Revocation Table of Chapter 7, is 21–27 months. However, pursuant to 18 U.S.C. § 3583(e)(3), the statutory maximum amount of imprisonment that can be imposed is 24 months. Therefore, Defendant's Guidelines range effectively becomes 21–24 months.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Defendant has been on supervised release for less than one year and has violated the conditions of release multiple times at fairly regular intervals. Defendant's most recent violation occurred less a month after he was released from prison following his prior supervised release revocation. In both prior instances, Defendant received a break from the USPO, the United States, and the Court. Any future violations of the Court's trust will not be met with such leniency. Defendant needs to learn how to pay back the trust the public and the Court place in Defendant when he is on supervised release. Defendant also needs to learn to make better decisions in the face of his drug problem.

The nature and circumstances of Defendant's underlying offense are very serious. The requirement for sex offenders to register with local authorities is designed to protect the most vulnerable members of society, and Defendant's failure to do so denied them that protection. Defendant's history and characteristics are also troubling. Defendant has a long criminal history which includes violent behavior and serious drug use. While Defendant's instant violations in and of themselves are not particularly dangerous, the circumstances following the violations are. Defendant absconded to Tennessee, forcing law enforcement to seek him out and apprehend him. By doing so, Defendant placed himself, officers, and the public at risk.

The Court notes another troubling aspect of Defendant's violation: dishonesty. Defendant lied to the USPO about his marijuana use, which calls into question Defendant's honesty more generally. The Court hopes that Defendant is sincere about getting treatment for his drug problem and following the conditions of his supervised release in the future.

While eighteen months is below Defendant's Guidelines range, eighteen months adequately reflects the seriousness of the violation and the gravity of the breach of the Court's trust. *See United States v. Johnson*, 640 F.3d 195, 206-07 (6th Cir. 2011); 18 U.S.C. § 3553(c)(2). Additionally, a sentence upon supervised release revocation of 24 months for this kind of violation would be disproportionate compared to Defendant's original sentence of 37 months. The Court is satisfied that a sentence of 18 months of incarceration is appropriate given the 18 U.S.C. § 3583(e)(3) factors. To reiterate an earlier point, Defendant should ***not*** expect such a lenient sentence should he violate his conditions again.

A court also may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See*

18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b). Here, the re-imposition maximum would be a lifetime term (the original authorized term). *See id.* § 3583(k). The parties agreed that a life term of supervised release with the conditions imposed in the last Judgment in this case (D.E. 43) is appropriate, and the Court concurs. Thus, for the reasons expressed by Judge Van Tatenhove (D.E. 42 at 2–10) and given that continued supervision is necessary due to Defendant's pattern of violating the conditions of his release, the undersigned recommends that the conditions of Defendant's release be re-imposed without alteration.

## RECOMMENDATION

To conclude, the Court **RECOMMENDS**, based on the violations found, that Defendant's supervised release be revoked and that he be incarcerated for a term of **eighteen (18) months**, with Defendant to receive access to the maximum amount of drug treatment for which Defendant is eligible, followed by a life term of supervised release subject to the conditions imposed in the last Judgment in this case (D.E. 43).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As

defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 10th day of September, 2013.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge