UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 6:09-CR-00053-GFVT-HAI |
| V. | ) | |
| JAMES EDWARD FREDRICK, | ) | **ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Edward B. Atkins. [R. 88.] Defendant James Edward Frederick has been charged with two violations related to his use of marijuana. *Id*. at 3.

On May 26, 2010, this Court sentenced Mr. Fredrick to thirty-seven months imprisonment for failure to register as a sex offender. [R. 28.] He began his first life-term of supervised release on March 28, 2012. [R. 88 at 1.] Six months later, the United States Probation Office (USPO) requested modification of his release due to unauthorized contact with minors. [R. 29.] The Court granted this request and required Mr. Fredrick serve eight consecutive weekends in jail. *Id*.

When Mr. Fredrick reported for one of those weekends, he admitted to consuming alcoholic beverages. [R. 42.] His release was revoked, and he was sentenced to four additional months of imprisonment. [R. 43.] He began his second life-term of supervised release on June 13, 2013. [R. 88 at 2.] The next month, he admitted to using marijuana. *Id*. Again, his release was revoked, and he was sentenced to eighteen months imprisonment. [R. 59.] On November

21, 2014, he began his third term of supervised release. [R. 88 at 2.] Six months later, USPO discovered Mr. Fredrick had created a Facebook page in violation of his conditions of release. [R. 70.] This Court revoked his release yet again, and he was sentenced to twenty-one months of imprisonment. [R. 71.] His fourth term of supervised release began on October 6, 2016. [R. 88 at 2.] A little less than a year later, he was arrested and charged with child abuse and endangering the welfare of a minor, but the charges in the violation report were ultimately dismissed upon a joint motion by the parties. *Id*.

According to the Supervised Release Violation Report (the Report) issued by USPO on July 17, 2018, Mr. Fredrick submitted a urine sample on July 6, 2018, that ultimately tested positive for marijuana. *Id*. at 3. The Report charges Mr. Fredrick with Violation #1, a Grade C Violation, for violating the condition that prohibits him from excessive use of alcohol and illegal use of controlled substances. *Id*. Because a positive indication of the use of methamphetamine constitutes possession of methamphetamine in violation of 21 U.S.C. § 844(a), a Class E Felony, the Report also charges Mr. Fredrick with Violation #2, a Grade B Violation, for committing another federal, state, or local crime. *Id*. at 2–3.

Upon his initial appearance before Magistrate Judge Hanly A. Ingram on August 6, 2018, Mr. Fredrick entered a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. [R. 85.] The United States moved for interim detention and Mr. Fredrick requested release. *Id*. Judge Ingram determined that Mr. Fredrick did not meet the heavy defense burden under 18 U.S.C. § 3143(a) to justify release, and he remanded Mr. Jackson to the custody of the United States Marshal. *Id*. On August 23, 2018, Magistrate Judge Edward B. Atkins held a final revocation hearing where Mr. Fredrick competently entered a knowing, voluntary, and intelligent stipulation to Violations #1 and #2. [R. 87.] Subsequently, Judge Atkins prepared a

Recommended Disposition. [R. 88.]

As an initial matter, Judge Atkins noted that revocation is mandatory because Mr. Fredrick was in possession of a controlled substance. 18 U.S.C. § 3583(g)(1). With Mr. Fredrick's criminal history category of VI and a Grade B violation,[1] Judge Atkins calculated his Guidelines Range to be twenty-one to twenty-seven months. [R. 88 at 5.] However, the statutory maximum for his violation is twenty-four months under § 3583(e)(3), and thus the range is effectively twenty-one to twenty-four months. U.S.S.G. § 7B1.4(b)(1). At the final hearing, the Government recommended twenty-one months of incarceration plus five years of supervised release. [R. 88 at 5.] In response, counsel for Mr. Fredrick requested inpatient drug treatment without incarceration, followed by three years of supervised release. *Id*. Mr. Fredrick's probation officer, Scott Greiwe, testified that Mr. Fredrick is cooperative and respectful, with "below average intelligence." *Id*. at 6. Because Mr. Fredrick committed the underlying offense in 1991 when he was young, Officer Greiwe believes there is no risk of re-offense. *Id*. Further, Mr. Fredrick was abused by his stepfather as a child, and both his mother and stepfather were alcoholics, leading him to use drugs as a teenager. *Id*. However, Officer Greiwe conceded that Mr. Fredrick has not always been honest and has previously denied his marijuana use. *Id*. The Government argued that Mr. Fredrick's past behavior, substance use, and deception make him a danger to society. *Id*.

After consideration of the nature and circumstances of Mr. Fredrick's conviction, as well as his history and characteristics, Judge Atkins determined revocation mandatory. *Id*. at 4. Judge Atkins noted Mr. Fredrick's repeated breaches of the Court's trust by his continued

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

violations related to substance abuse. *Id*. at 8–10. Ultimately, Judge Atkins recommended a term of imprisonment of twenty-one months, followed by a two-year term of supervised release.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Atkins's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Fredrick has filed a waiver of allocution. [**R. 89.**]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Smith's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 88**] as to Defendant James Edward Fredrick, is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Fredrick is found **GUILTY** of Violations #1 and #2;

3. Mr. Fredrick's Supervised Release is **REVOKED;**

4. Mr. Frederick is hereby sentenced to a term of incarceration of **twenty-one (21) months**;

5. The Court **RECOMMENDS** to the Bureau of Prisons that their designation

accounts for Mr. Fredrick's sex offender status

6. Upon completion of the term of incarceration, Mr. Fredrick is hereby sentenced to a term of supervised release of **two years** under the conditions previously imposed;

7. The hearing for allocution and sentencing scheduled for October 9, 2018, is **CANCELLED**; and

8. Judgment shall enter promptly.

This the 18th day of September, 2018.

Gregory F. Van Tatenhove
United States District Judge