UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
|     Plaintiff,    ) | Criminal No. 6:09-cr-00053-GFVT-HAI |
| ) | |
| v.    ) | |
| ) | **ORDER** |
| JAMES EDWARD FREDERICK,    ) | |
| ) | |
|     Defendant.    ) | |

    This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram.  [R. 113.]  Defendant James Frederick has been charged with a sixth set of violations of his supervised release.  In 2010, Mr. Frederick was sentenced to thirty-seven months of imprisonment, to be followed by a lifetime of supervised release, after pleading guilty to failing to register as a sex offender in violation of 18 U.S.C. § 2250(a).  [R. 28.]

    Mr. Frederick has been adjudged guilty of a plethora of supervised release violations in the past, for which he has served significant terms of incarceration.  [*See* R. 113 at 1-3.]  Now, he has committed two additional violations.  First, Mr. Frederick has committed a Grade C violation for possessing and viewing pornography.  *Id.* at 4.  Second, he has committed a Grade C violation for failing to submit to drug tests administered by the United States Probation Office and for failing to report to his probation officer as instructed.  *Id.*

    On May 3, 2022, Mr. Frederick appeared before Judge Ingram for his initial appearance pursuant to Federal Rule of Criminal Procedure 32.1.  [R. 109.]  During the hearing, the United States made an oral motion for interim detention and Mr. Frederick did not request release.  [R. 113 at 5.]  Based on the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram

remanded Mr. Frederick to the custody of the United States Marshal. *Id.* On May 17, Mr. Frederick appeared before Judge Ingram for his final hearing. [R. 111.] The Magistrate Judge found Mr. Frederick to have entered a "knowing, voluntary, and intelligent stipulation to both violations." [R. 113 at 5.]

At the final hearing, both the Government and Mr. Frederick jointly recommended a penalty of revocation with sixteen months of incarceration, which is an above-Guidelines sentence, with no additional period of supervised release to follow. *Id.* at 6. In support, the Government argued that an "above-Guidelines sentence was appropriate because this was [Mr. Frederick's] eighth set of violations and sixth revocation." *Id.* Regarding the removal of any further supervision, the Government argued that Mr. Frederick "no longer appears to pose any serious threat of sex crimes against children," as his sexual offense occurred when he was fifteen years old, and is further unnecessary because "he will live the rest of his life 'under the watchful eye' of his jurisdiction of release." *Id.* at 7. In agreement, Mr. Frederick "expressed disappointment with being back in court again," but admitted that he would likely violate again if placed back on supervised release. *Id.* at 8. But, despite the joint sentencing recommendation presented by his counsel, Mr. Frederick himself "argued that sixteen months was overly harsh […]." *Id.*

After hearing both arguments, Judge Ingram evaluated the entire record and considered all of the Section 3553 factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge Ingram recommended revocation with a term of sixteen months of incarceration at either USP Butner or Ashland, to be followed by no further period of supervised release. *Id.* at 11.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and

Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). Mr. Frederick has not filed any objections to Judge Ingram's Report and Recommendation and filed a waiver of allocution on June 1, 2022. [R. 114.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [R. 113] is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Frederick is adjudged **GUILTY** of all violations;

3. Mr. Frederick's supervised release is **REVOKED**;

4. Mr. Frederick is **SENTENCED** to a term of incarceration of sixteen months with no additional supervised release to follow;

5. The Court **RECOMMENDS** that, for his safety, the Bureau of Prisons designate Mr. Frederick to USP Butner or, if not, to some other facility with a high concentration of sex offenders;

6. Judgment shall enter promptly.

This the 7th day of June, 2022.

Gregory F. Van Tatenhove
United States District Judge